■ In the Matter of EDWARD J.C. MOLITOR, for Admission to the Bar.—Per Curiam. Applicant passed the New York State Bar examination and was certified for admission by the State Board of Law Examiners on October 3, 1962. He did not then apply for admission but instead entered upon a business career. He has now retired and seeks admission to practice.

Applicant states that shortly after taking the Bar examination he inquired as to whether there was a time limitation for applying for admission and was told there were no time constraints and that once an applicant had passed the Bar examination it was valid forever. With respect to his contacts with the legal profession since 1962, applicant cites his involvement in contract law and international law while living in Europe for 4½ years setting up a new business, attendance at legal seminars regarding company liability for manufactured products, and his involvement in several age discrimination suits involving his company.

In view of the inordinate delay between applicant's passage of the Bar examination and his present application for admission and because his contacts with the legal profession during the past 27 years seem to constitute no more than that of the normal corporate executive, we conclude that applicant does not presently possess the requisite fitness for admission to the Bar *(see, Matter of Emerman,* 27 AD2d 537, *affd on opn below* 28 NY2d 552). Denial of the application is therefore justified "particularly when considered against the background of the great and far-reaching changes which the law has undergone during such period, both substantively and procedurally in the civil and criminal fields" *(Matter of Emerman, supra).*

Application for admission denied. Mahoney, P. J., Kane, Casey, Weiss and Mikoll, JJ., concur.